IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2266-FL

| | | |
|---|---|---|
| LINDSAY L. ALLISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PITT COUNTY DETENTION CENTER | ) | |
| and MICHAEL McCAFFREY, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a state pretrial detainee proceeding pro se, filed this habeas corpus petition under

28 U.S.C. § 2241 on December 29, 2025. The matter is before the court for initial review of the

petition under 28 U.S.C. § 2243, which provides that the court need not seek a response from the

respondent when it is clear on the face of the petition that there is no entitlement to relief.

**COURT'S DISCUSSION**

Petitioner challenges his ongoing state criminal prosecution, alleging insufficient

evidence and unlawful violation of his pre-trial release. At the time of filing, petitioner had been

charged with assault by strangulation and felony possession of a Schedule II controlled substance.

But petitioner contends there is "no physical evidence of assault," that his possession charge is

based on an "incorrect" weight, and that the controlled substance would not have been found but

for a "false violation" of his pre-trial release based on inaccurate or fabricated GPS data used to

obtain an arrest warrant. (DE 1 at 6). On March 12, 2026, petitioner was convicted of possession

of a Schedule II controlled substance. He received a suspended sentence to serve concurrently

with ongoing probation for reckless driving.  N.C. Dep't of Adult Corr., Offender Search https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view.

Pretrial petitions for writs of habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (citation and quotation marks omitted); see also In re Wright, 826 F.3d 774, 783 (4th Cir. 2016) (noting that persons in "pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction are able to take advantage of § 2241 relief").  After conviction, however, the legality of petitioner's state conviction or sentence must be challenged under 28 U.S.C. § 2254.  See Bixby v. Stirling, 90 F.4th 140, 146 (4th Cir. 2024) (concluding that challenge to state conviction "must be brought under 28 U.S.C. § 2254").  Thus, because petitioner has been convicted, his § 2241 petition is now moot.  See 28 U.S.C. § 2254(a); Bixby, 90 F.4th at 146; see also Rafa El v. Wright, 2023 WL 3073619, at *1 (4th Cir. April 25, 2023) (dismissing § 2241 habeas appeal as moot after petitioner pleaded guilty to the state criminal charge and was sentenced); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) (vacating district court's denial of § 2241 petition issued after conviction and remanding with instructions to dismiss as moot).

While the court could construe petitioner's § 2241 motion as one brought under § 2254, it would then be dismissed for failure to exhaust state remedies.  See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to satisfy exhaustion requirement under § 2254, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  Therefore,

to avoid restricting petitioner's ability to bring a future § 2254 petition following exhaustion of state court remedies, <u>see</u> 28 U.S.C. § 2254(b)(1)(A), the court dismisses the present petition.

After reviewing the claims presented in the habeas petition considering the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and no issue is adequate to deserve encouragement to proceed further.  <u>See</u> <u>Buck v. Davis</u>, 580 U.S. 100, 122 (2017); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).  Accordingly, the court denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, the petition is DISMISSED without prejudice as moot, and a certificate of appealability is DENIED.   The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of July, 2026.

LOUISE W. FLANAGAN
United States District Judge

3